IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL CONWAY, # M-01100, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-0662-MJR |
| ) | |
| WARDEN ATCHISON, OFFICER ) | |
| HECHT, and SARAH DILLMAN, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

This action is before the Court on Plaintiff's motion to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff's motion includes the statement (made under penalty of perjury) that he currently owns four commercial properties in New York and New Jersey ("Trump Towers, Armani Flagship and Enigma Clothing"), suggesting that Plaintiff's allegations of poverty are untrue. Plaintiff may be truthful in his allegation of poverty and lying about his ownership of the commercial properties. Nonetheless, Plaintiff has made contradictory statements in the motion, one of which must be false. "A pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996); *see* Fed. R. Civ. P. 11. There is no reason to suspect that Plaintiff is legitimately in doubt about his own assets.

1

Plaintiff was a prisoner at Menard Correctional Center when he filed the instant case, thus his motion to proceed IFP is subject to 28 U.S.C. § 1915(e)(2), which reads, in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue.

28 U.S.C. § 1915(e)(2)(A).  The Seventh Circuit has repeatedly held that "dismissing a case for filing a false affidavit of poverty is a sanction for committing fraud on the court." *Heath v. Walters*, 151 F.3d 1032 (7th Cir. 1998); *see also Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1997); *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 447 (7th Cir. 2000).  Additionally, the Seventh Circuit notes that "the wrongful act of making false statements to the court is always harmful.  Therefore, if an allegation of poverty made in a petition to proceed in forma pauperis is untrue, 'the district court shall dismiss the case.'" *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(2)(A)).  Finally, "the court must consider all of the documents that the petitioner filed in support of his claim and accept as true for purposes of deciding a § 1915(d) dismissal his credible allegations." *Robbins v. Lotter*, 966 F.2d 1457, 1457 (7th Cir. 1992) (text of § 1915(d) moved to § 1915(e) per Apr. 25, 1996 amendment).

Therefore, the Court **DENIES** Plaintiff's motion for leave to proceed IFP for asserting a false affidavit of poverty and **DISMISSES** this action without prejudice under § 1915(e)(2)(A) as a sanction for attempting to commit fraud on the court.

IT IS SO ORDERED.

DATED: June 26, 2012.

                                                  <u>s/ MICHAEL J. REAGAN</u>
                                                  Michael J. Reagan
                                                  United States District Judge